# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 16-140 |
| | ) | Judge Nora Barry Fischer |
| STANLEY JAMES PATTERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND OF ORDER COURT

Presently before the Court is the Government's motion for an upward departure pursuant to § 4A1.3 of the United States Sentencing Guidelines. The Government did not file a separate motion, but rather advocated for an upward departure in its Position with Respect to Sentencing Factors (the "Position Paper"), arguing that the Defendant's criminal history category of I substantially under-represents the seriousness of his criminal history or the likelihood that he will commit other crimes. (Docket No. 69). The Government notes that due to the age of many of the Defendant's convictions, he was not assigned points for same, and if those were counted, his criminal history category would be VI. In view of the Defendant's extensive criminal history, the Government maintains that an upward departure is warranted and the Defendant's criminal history category should be increased from I to VI. For reasons explained herein, the Court will grant the Government's motion and depart upward to criminal history category V.

In analyzing the Government's motion, the operative section of the Guidelines is § 4A1.3(a), which sets forth the standard for an upward departure as follows:

> If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the

> defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted.

Guideline § 4A1.3(a)(2) lists the types of information which may inform such a decision including:

> (A) prior sentences not used in computing the criminal history category;
>
> (B) prior sentences of substantially more than one year imposed as a result of independent crimes committed on different occasions;
>
> (C) prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order;
>
> (D) whether the defendant was pending trial or sentencing on another charge at the time of the instant offense; and
>
> (E) prior similar adult criminal conduct not resulting in a criminal conviction.

With that said, § 4A1.3(a)(3) prohibits the Court from considering a prior arrest record, by itself, to support an upward departure. Finally, it is well settled that whether to grant a departure is committed to the sound discretion of the Court. *United States v. Perry*, 460 F. App'x 149, 153 (3d Cir. 2012).

The Defendant now stands before the Court with one (1) criminal history point and a criminal history category of I. As stated, the Government advocates for an upward departure increasing the Defendant's criminal history category to VI. The Government's principal argument for an upward departure revolves around the fact that none of the Defendant's prior convictions, except one, received criminal history points due to their age. At the sentencing session held on December 6, 2018, counsel for the Government cited to Application Note 8 to Guideline § 4A1.2 to support the argument that those convictions should be considered in the upward departure

analysis.[1] Pursuant to Note 8, if the Court finds that a sentence imposed outside of the relevant time period is evidence of similar, or serious dissimilar, criminal conduct, the Court may consider that information in determining whether an upward departure is warranted under § 4A1.3.

The guidance provided by Application Note 8 to § 4A1.2 is relevant to the first factor the Court is to consider under § 4A1.3(a)(2)(A), that is, prior sentences not used in computing the criminal history category. As to this factor, the Defendant was sentenced for a number of adult convictions that occurred between 1978 and 1995 when he was 25 to 43 years old for which he did not receive any criminal history points. Those convictions include: (1) burglary and theft by unlawful taking involving unlawfully entering a residence and removing a stereo and speaker; (2) robbery and theft by unlawful taking involving an incident where the Defendant entered a bar while carrying a pellet gun, demanded and obtained money from the victim and then pointed the pellet gun at an officer and threatened to kill him; (3) public drunkenness on an occasion where the Defendant also possessed a firearm without a license; (4) retail theft; (5) burglary and criminal trespass involving an incident where the Defendant broke a window and door, entered a doctor's residence and took a plastic container containing an unknown substance; (6) public welfare fraud for obtaining $400 in bonus food coupons by misrepresenting that he had no resources or income; and (7) driving under the influence of alcohol. (Docket No. 67, ¶¶ 41-47).

As set forth in the Government's Position Paper, if these prior convictions were not outdated, the Defendant would have been assigned thirteen (13) criminal history points, plus the one (1) point he has been assigned, for a total of fourteen (14) criminal history points, which falls in criminal history category VI. At the December 6 session, Government counsel further

---

[1] An official transcript of these proceedings has not been produced as of this date. Therefore, the Court summarizes the testimony presented from its notes of the proceedings and by reference to an unofficial draft of the transcript.

advocated, by reference to Application Note 8 to § 4A1.2, that an upward departure may be appropriate "if there are <u>expired prior incidents</u> that are similar to the current offenses." According to Government counsel, "there are eight paragraphs in the presentence report that fit within that category of <u>expired criminal incidents</u> that are similar to the current offense."

First, the Government's reference to "expired prior incidents" and "expired criminal incidents" is not contemplated by the Guidelines, as neither Application Note 8 to § 4A1.2, nor § 4A1.3, use those phrases. To be clear, Note 8 specifies that in determining whether an upward departure is warranted, the Court may consider "<u>a sentence imposed</u> outside [the relevant time period that] is evidence of similar, or serious dissimilar, criminal conduct." Likewise, § 4A1.3(a)(2)(A) instructs that the Court may consider "<u>prior sentences</u> not used in computing the criminal history category." Therefore, contrary to the Government's suggestion, consideration of "expired prior incidents" or "expired criminal incidents" is not appropriate, in this Court's estimation.

In that regard, at the December 6 session, the Government referred to paragraphs 42, 43, 48, 50, 51, 52, 54 and 56 of the presentence report as evidence of "expired criminal incidents" that the Court should consider as <u>similar</u> to the current offense. Paragraphs 42 and 43 are prior uncounted convictions, which the Court will address below. Paragraph 48 is a prior conviction for driving under the influence of alcohol for which the Defendant was assigned one (1) criminal history point. The Government argues that the conviction merits additional consideration because the Defendant possessed a police badge and a vest that could be used to store firearms, at the time of this incident. Although the Court agrees that the Defendant's possession of those items was unusual, it was not illegal. Paragraph 50 lists a 1974 arrest for simple assault involving a knife for which the Defendant was placed in an accelerated rehabilitative disposition program and

4

eventually the charge was dismissed. Paragraphs 51, 52 and 54 relate to the Defendant's pending state court charges, which obviously are not prior sentences for purposes of Application Note 8 or § 4A1.3(a)(2)(A), but may be otherwise considered in the upward departure analysis under § 4A1.3(a)(2)(D) as discussed below. Finally, paragraph 56 describes a receiving stolen property charge listed in the "other arrests" section of the presentence report, which indicates that the charge was dismissed.

Relevant to the upward departure analysis, in accordance with Application Note 8 to § 4A1.2 and § 4A1.3(a)(2)(A), the Court will consider the Defendant's uncounted sentences for prior convictions which are evidence of conduct similar to the instant offense or, though dissimilar, evidence of serious conduct. Some of the Defendant's prior convictions are similar to the instant possessory offense simply because firearms were involved. However, the Court's greater concern is the fact that a number of the Defendant's prior convictions involved violent and threatening behavior and/or presented a danger or disregard to the safety of others. *See United States v. Adams*, 385 F. App'x 114, 117 (3d Cir. 2010) (upward departure was warranted where the defendant's prior convictions demonstrated a pattern of violent behavior). In the Court's view, the following uncounted convictions fall within this category:

- The conviction for robbery and theft by unlawful taking (PSIR, ¶ 42) involving an incident where the Defendant entered a bar while carrying a pellet gun, demanded and obtained money from the victim and then pointed the pellet gun at an officer and threatened to kill him. The Defendant's behavior was not only dangerous and violent, but also presented the potential for harm or injury to the public and the police.

- Two burglary convictions (PSIR, ¶¶ 41 and 45) for breaking into residences and stealing various items. Although firearms were not involved in either incident, the

> Defendant's conduct in burglarizing residences on two occasions demonstrated a disregard for the safety of the homeowners who were involved.
> - The public drunkenness conviction where the Defendant possessed a firearm without a license (PSIR, ¶ 43), which demonstrated dangerous behavior that had the potential to jeopardize the safety of others.
> - The driving under the influence of alcohol conviction (PSIR, ¶ 47), which did not involve a firearm, but nevertheless showed the Defendant's continued propensity to violate the law and disregard public safety.

If these five prior uncounted convictions had been included in the criminal history computation, the Defendant would have been assigned ten (10) points, plus the one (1) point that he was assessed, for a total of eleven (11) points, which is in criminal history category V. *See Perry*, 460 F. App'x at 153-54 (in sentencing a defendant for being a felon in possession of a firearm, the district court did not exceed its discretion in applying upward departure based on under-representation of criminal history; court properly considered the defendant's juvenile adjudication for aggravated assault and his previous, uncounted adult conviction for attacking corrections officer).

Moving on to other factors the Court is to consider under § 4A1.3(a)(2), subsection (B) provides that an upward departure may be appropriate if a defendant has "prior sentences of substantially more than one year imposed as a result of independent crimes committed on different occasions." The most significant prior sentence the Defendant received in the state system was 11½ to 23 months' imprisonment for the burglary of the doctor's residence. He received 6 to 23 months' incarceration for the robbery at the bar involving the pellet gun, 1 month to 12 months' imprisonment for public welfare fraud, and 48 hours to 12 months' imprisonment for driving under

6

the influence. The Defendant otherwise received probationary sentences and was ordered to pay fines in the other cases.

Next, it appears that § 4A1.3(a)(2)(C) requiring "similar misconduct established by a civil adjudication or failure to comply with an administrative order" does not directly apply in this case, as the Court is not aware that the Defendant has been sanctioned while incarcerated.

With respect to § 4A1.3(a)(2)(D), the presentence investigation report reveals that the Defendant is pending trial in the Court of Common Pleas of Allegheny County, Pennsylvania on the following four cases: (1) criminal attempt – arson and possession of explosive or incendiary materials in connection with allegations that he caused a fire which ultimately destroyed a triplex residential structure and heavily damaged another triplex structure and a single family home, and attempted to throw an incendiary device into a clothing store after hours; (2) criminal attempt – criminal homicide (4 counts), aggravated arson – bodily injury (4 counts), aggravated arson – person present inside property (14 counts), arson – danger of death or bodily injury (8 counts), arson endangering property – reckless endangerment of inhabited buildings (8 counts) and causing catastrophe all related to the previously described arson charges; (3) possession of firearm (4 counts) and unlawful body armor for conduct involving the instant federal offense; and (4) criminal attempt – criminal homicide, robbery, aggravated assault, theft by unlawful taking and possession of prohibited firearms related to an incident where the Defendant entered a gun dealership, shot the employee who was working there in the upper torso and stole a handgun. According to the Supplemental Addendum to the Presentence Report, the Defendant is scheduled to go to trial in these cases on January 22, 2019.

In analyzing whether an upward departure is warranted, the Court considers these pending charges not for the purpose of assuming that the Defendant has committed other crimes, but rather

as an indicator that the calculated criminal history category of I under-represents the likelihood that he will recidivate. *See Perry*, 460 F. App'x at 155 (consistent with § 4A1.3(a)(2)(D), the district court properly considered the defendant's commission of the offense while other charges were pending to show that he had an increased likelihood of recidivism). Despite numerous interactions with the criminal justice system between 1978 and 2011, the Defendant continued to engage in criminal conduct involving escalating levels of violence as shown by the pending charges, which allegedly were committed in 2011 (shooting the clerk at the gun shop) and 2015 (arson and related charges). The 2015 charges were committed at the same time the Defendant illegally possessed firearms and body armor in connection with the instant offense. Therefore, the Court may properly consider the pending state court charges against the Defendant in determining whether an upward departure is warranted. However, the Court is cognizant that those charges are very serious and the Defendant very well may face additional, significant penalties when they are disposed of in the state system.

As to § 4A1.3(a)(2)(E), there is no evidence of "prior similar adult criminal conduct not resulting in a criminal conviction." The Defendant's other alleged adult criminal conduct set forth in the presentence report's list of "other arrests" involves receiving stolen property, criminal conversion, disorderly conduct and unlawful restraint of a minor. As previously stated, Guideline § 4A1.3(a)(3) expressly prohibits the Court from relying on a bare arrest record in determining whether an upward departure is appropriate. *See United States v. Berry*, 553 F.3d 273, 284 (3d Cir. 2009). This point was noted in the Supplemental Tentative Findings and Rulings (Docket No. 85 at 1-2, n.1), wherein the Court explained that it is precluded from considering the Defendant's bare arrests in its sentencing decision and may only consider the underlying conduct if the Government proffers reliable evidence of same.

Finally, in advocating for an upward departure at the December 6 session, counsel for the Government discussed the items that the Defendant purchased and/or that were found in his apartment when the search warrant was executed, such as firearms parts, antique firearms, various types of ammunition, books concerning sniper training, Nazi books and memorabilia and the like. The Defendant's purchase and possession of these items is not the type of information the Court may consider pursuant to § 4A1.3(a)(2) in determining whether an upward departure is warranted and may be more appropriately considered in the variance context.

Therefore, in view of (1) the Defendant's serious older offenses that were not counted (2) his history of repeated threatening and violent conduct, (3) his commission of the instant offense at the same time as his commission of some of the pending charges, and (4) his demonstrated recidivism, the Court finds that the Defendant's criminal history category of I substantially under-represents the seriousness of his criminal history and the likelihood that he will reoffend. Accordingly, the Court will depart upward from criminal history category I to criminal history category V. The Court finds that a departure to criminal history category V is appropriate for reasons discussed above and the following additional reasons.

In granting an upward departure for under-representation of criminal history, § 4A1.3(a)(4)(A) directs the Court to "determine the extent of a departure . . . by using, as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's." The Third Circuit has interpreted this guidance as requiring the district court to follow a "ratcheting" procedure whereby it "proceed[s] sequentially through the categories and must not move to the next category until it has found that a prior category still fails adequately to reflect the seriousness of the defendant's history." *United States v. Cicirello*, 301 F.3d 135, 145 (3d Cir. 2002). However, the ratcheting

procedure "does not require the district court to go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category it selects." *United States v. Harris*, 44 F.3d 1206, 1212 (3d Cir. 1995) (citation omitted). Rather, a sentencing court complies with the ratcheting procedure if its "reasons for rejecting each lesser category [are] clear from the record as a whole." *Id.*

Here, the Defendant's criminal history is not commensurate with someone in category I who has had only minimal contact with the criminal justice system and received no points or only one point. Further, the Defendant's extensive criminal history and propensity to engage in violent behavior is also unlike individuals who have two or three points and fall in category II, or those who have between four and six points and fall in category III. Defendant's criminal history even exceeds those who fall in category IV, as demonstrated by his propensity to recidivate and/or engage in escalating levels of violent conduct. As already discussed, if points had been assigned to the Defendant's uncounted prior convictions which the Court finds to be the most serious, he would have ten (10) points in addition to the one (1) point he was assigned, for a total of eleven (11) points, placing him in category V. The Court believes that the Defendant's criminal history and likelihood to recidivate more closely resemble those individuals who fall within category V. For that reason, and those already detailed, the Court will grant the Government's motion and will depart upward from criminal history category I to criminal history category V.

An appropriate Order follows.

## ORDER OF COURT

AND NOW, this 13th day of December, 2018, for the reasons set forth in the Memorandum above, IT IS ORDERED that the Government's motion for an upward departure set forth in its

Position with Respect to Sentencing Factors (Docket No. 69) is granted. The Court finds that criminal history category I under-represents the seriousness of Defendant Stanley James Patterson's criminal history and the likelihood that he will commit other crimes, and thus departs upward to criminal history category V. Accordingly, based on a total offense level of 23 and a criminal history category of V, Defendant's recalculated advisory guideline sentencing range is 84 to 105 months' imprisonment. The Court will address the parties' respective arguments for a variance at the continued sentencing hearing scheduled on December 14, 2018.

*/s Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All Counsel of Record
U.S. Probation Office